THE STATE, Plaintiff in Error, v. WETHERFORD, Defendant in Error.

1. Where two are jointly indicted, and one only applies for a change of venue, an order removing the cause will be effectual only as to the one so applying; if a recognizance be in such case entered into by both to appear in the court to which the cause is removed, it will be void as to the one not applying for a change of venue.

*Error to Benton Circuit Court.*

Henderson Wetherford and Clemsey Wetherford were jointly indicted in the Morgan circuit court at the March term, 1852, for a felonious assault upon one Cline, with intent to kill. After several continuances, at the April term, 1854, Clemsey Wetherford failing to appear, a forfeiture of her recognizance was taken. At the October term, 1854, Henderson Wetherford filed the following petition for a change of venue:

" To the Honorable the Circuit Court within and for Morgan county, and state of Missouri: Your petitioner, Henderson Wetherford, would respectfully state that he believes the defendants can not have a fair trial of this cause in this judicial circuit on account of the prejudice of the circuit judge, and that he only became satisfied of said prejudice since the calling of this case. Defendants therefore respectfully ask that said cause may be sent by change of venue to some judicial circuit where such prejudice does not exist. Henderson Wetherford makes oath and says he believes the matters stated in the foregoing petition are true. [Signed] Henderson Wetherford."

The court thereupon granted the prayer of the petition and made an order removing the cause to the Benton circuit

court. Henderson Wetherford and Clemsey Wetherford both entered into a recognizance to appear in the Benton circuit court. Clemsey Wetherford failing to appear to answer to the indictment in the Benton circuit court, her recognizance was forfeited and a *scire facias* awarded. On the return day of the *scire facias*, Clemsey Wetherford appeared and filed a motion to set aside the forfeiture of the recognizance and dismiss the cause and all proceedings had in relation to Clemsey Wetherford, because the indictment was found in the county of Morgan and there never was any change of venue taken to the Benton circuit court, because the Benton circuit court had no right to take such forfeiture; that said Clemsey was not bound to appear in the Benton circuit court by force or virtue of said recognizance; and that the court had no jurisdiction of the same. The motion was sustained and the proceedings dismissed, and the defendant, with her securities, discharged.

The State brings the cause here by writ of error.

*Ewing*, (attorney general,) for the State.

I. Although the petition for the change of venue was not signed or sworn to by defendant in error, yet it was made on behalf of herself and her co-defendant jointly, and the ground of application is by the terms of the petition made applicable to both. The petition alleges that " *defendants* can not have a fair trial," and they, " defendants," ask the change of venue. The order of the court is, " that the prayer of the petition be granted." The order is in accordance with the petition and applies to both defendants. Both defendants entered into a recognizance in open court, which is entered of record, to appear in the Benton circuit court to answer the indictment against them. Although certain forms were not complied with by defendant, yet, having consented to the change of venue, waived her right to a trial by a jury of the vicinage, claimed the benefit of a trial elsewhere before a court having jurisdiction of the offence, and referred her cause to its decision, she can not afterwards allege that such

court has no jurisdiction. The constitutional right of trial by a jury of the vicinage is intended for the benefit and protection of the accused; yet when this is waived, as it was by defendant, and a change of venue was procured, by her own act and consent, to a court of competent jurisdiction on easier terms than if she had complied with all the forms of the law, shall the omission to sign and swear to the petition avail her? (Porter v. State, 5 Mo. 538; The People v. Scotes, 3 Scam. 351.) Shall defendant, after thus consenting to a change of venue and obtaining it, without observing certain forms required by law, be allowed to make it the means of escaping from the custody of the law, and evading her recognizance to appear and answer to the indictment? It does not lie in the mouth of a party who has obtained change of venue to object to a trial in the court to which he has caused it to be removed, if enough appears to give that court jurisdiction. (McBain v. Enloe, 13 Ill. 76.)

*Wright* and *Johnson*, for defendants in error.

I. There was no removal of the cause as to Clemsey Wetherford. The constitution secures to the accused the right, in prosecutions on presentment or indictment, to a speedy trial by an impartial jury of the vicinage. In a case like the present, when a cause is the prejudice of the judge, a change can only be made upon the application of the person in whose favor it is awarded, unless the accused is a slave or a minor. (R. C. 1845, sec. 19, p. 864.) Clemsey Wetherford did not apply for the change, and the fact that she subsequently entered into the recognizance does not alter the case. (Fanny v. The State, 6 Mo. 141; Hunter et al. v. The People, 1 Scam. 454.) One person, though jointly indicted with another, can not deprive the other of his constitutional right of being tried in the court where the charge is laid.

II. But it is manifest from the record the court only intended to remove the case as to Henderson Wetherford. A forfeiture of Clemsey Wetherford's recognizance had been taken at a previous term. The entry shows that Henderson

Wetherford alone applied for the removal of the cause; that he alone appeared and filed the petition, which was signed and verified by himself only, and in the order making the change the cause is headed against him alone. The statute requires the cause of removal to be specified in the order, and the cause here specified is the prejudice of the judge against Henderson Wetherford and not against the defendant in error. The indictment, as against Clemsey Wetherford, still remains in the Morgan circuit court. The recognizance to appear in the Benton circuit court was of no effect, and a forfeiture could not be taken upon it. (Barker v. The People, 11 Gilm. 578.)

RYLAND, Judge, delivered the opinion of the court.

The venue in this case, so far as regards the defendant Clemsey Wetherford, was improperly changed from Morgan circuit court to the Benton county circuit court. Clemsey Wetherford did not petition for the change—took no steps to have it ordered, and the circuit court of Benton county had no jurisdiction over the case, so far as it relates to her.

The judgment of that court then discharging the defendant Clemsey from the indictment was improper, and it must be reversed. The judge of the Benton circuit court should have remanded the case so far as the defendant Clemsey was concerned, to the Morgan circuit court; have sent it back, and sent her back too, to be tried in the Morgan circuit court; should not have discharged her. The judgment is reversed, and the Morgan circuit court is directed to proceed and try the defendant Clemsey on the indictment, which is considered as still pending in that court; Judge Scott concurring.